UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
:
UNITED STATES OF AMERICA,                              :
:
    -v-                                                              :    19-cr-117 (LJL)
:    14-cr-412 (LJL)
RICARDO TABOADA,                                          :
:    ORDER
                             Defendant.    :
:
---------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/02/2023

LEWIS J. LIMAN, United States District Judge:

      Defendant Richard Taboada ("Taboada") applies to the Court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. No. 142. The Government opposes the motion. Dkt. No. 155. Taboada submitted two addenda to his original submission, Dkt. Nos. 145, 152, and a reply to the Government's response, Dkt. No. 156.

      Taboada's admitted to a violation of his terms of supervised release in 14-cr-412 and pleaded guilty to conspiracy to commit bank fraud in violation of 18 U.S.C. § 1344 in 19-cr-117. Dkt. No. 128 at 1. On September 20, 2021, the Court sentenced Taboada to a term of incarceration of 24 months for the violation of supervised release. *Id.* at 2. The Court also sentenced Taboada to 100 months imprisonment for his commission of the crime of conspiracy to commit bank fraud, to run consecutively with his sentence for violation of supervised release, followed by five years of supervised release. *Id.* at 2–3. The sentence was at the bottom end of Taboada's sentencing guidelines range of 100-125 months—a range that was substantially informed by a criminal history score that put him in Category VI. *See* Dkt. No. 129 at 26. At the time, the Court noted that Taboada, who was then 48 years old, had been engaged in criminal conduct since he was 20 years old and that his 2019 conviction marked his third federal conviction and his tenth overall conviction. *Id.* at 58. As the Court described, Taboada "began

his crime spree in his 20s, there's rarely been a period of time when he was not engaged in criminal activity or serving time for his criminal activity." *Id.* The Court noted that, on each occasion when Taboada was released from prison, he had immediately recidivated. *Id.* at 59-60. The Court emphasized the gravity of Taboada's crime: he deceived numerous financial institutions by submitting false loan applications secured by automobiles and the customers on whose behalf he submitted the loan applications. *Id.* at 60-61. In addition, Taboada committed the crime "shortly after his release from prison and while on supervised released and . . . lied to probation about his conduct." *Id.* at 61. When the Court imposed the sentence, it was aware of Taboada's medical challenges, which had been brought to its attention. *Id.* at 37–38, 40–41, 49–53.

Taboada has a number of medical conditions, including diabetes, high blood pressure, heart disease, obesity, liver inflammation, asthma, glaucoma, and osteoporosis. *See* Dkt. No. 142 at 1. He is also at risk of cancer, and claims that a "[g]astrologist found a benign, malignant cancerous polyp in [his] colon." *Id.* He argues that the Court should grant him compassionate release because he "will take numerous classes while in custody," "has been employed while in custody," and "has not received any serious disciplinary infractions." *Id.* at 1, 3. He argues that his record while in custody demonstrates that he has been rehabilitated. *Id.* He also argues that several inmates at the Federal Correctional Institution at Fort Dix where he is incarcerated have died as a result of contracting COVID-19 and that he is at high risk for serious complications if he contracts COVID-19. *Id.* at 3. He notes that the compound where he is incarcerated has been designated Code Red as a result of prisoners testing positive for COVID-19. Dkt. No. 156. At least one inmate had contracted chicken pox. Dkt. No. 142 at 3. Finally, he describes his plan for reentry. *Id.* at 5.

Section 3582(c)(1)(A)(i) of Title 18 of the United States Code provides that a district court, "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce" the term of a defendant's imprisonment "if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before reducing a defendant's sentence, a district court must also consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." *Id.* § 3582(c)(1)(A). "In evaluating compassionate-release motions, 'courts regularly consider whether compassionate release would be consistent with § 3553(a) by considering how early release would impact the aims of the original sentence.'" *United States v. Harper*, 2022 WL 599037, at *1 (2d Cir. Mar. 1, 2021) (summary order) (first quoting *United States v. Roney*, 833 F. App'x 850, 854 (2d Cir. 2020); and then citing *United States v. Kanter*, 853 F. App'x 723, 726–27 (2d Cir. 2021)) . A conclusion that a reduction of the defendant's sentence would not be consistent with Section 3553(a) provides an "independent basis" to deny compassionate release. *United States v. Fleming*, 5 F.4th 189, 194 (2d Cir. 2021); *see also Harper*, 2022 WL 599037, at *1; *United States v. DeJesus*, 2022 WL 1284563, at *1 (S.D.N.Y. Apr. 29, 2022); *United States v. Hunter*, 2022 WL 2288688, at *1 (2d Cir. June 24, 2022) (summary order) ("The statute imposes three independent, necessary requirements for release: exhaustion of remedies, existence of an extraordinary and compelling reason for sentence reduction, and that the § 3553 factors warrant reduction. If any one requirement is not satisfied, the district court may deny the motion without considering the remaining requirements.").

Taboada has not satisfied the requirements for compassionate release under Section 3582(c)(1)(A).  Although Taboada has demonstrated that he has exhausted administrative remedies, Dkt. No. 142 at 1, his release at this date would not be consistent with the aims of the original sentence.  As noted, in sentencing Taboada in September 2021, the Court specifically referenced his history of recidivism and the need for a lengthy sentence both to specifically deter him from future criminal conduct and to protect the community from further crimes committed by him.  The Court also noted its skepticism that any sentence would deter Taboada from future criminal conduct and that Taboada had not "given this court great confidence that he's prepared to change his ways."  Dkt. No. 129 at 58.  In his motion for compassionate release, Taboada claims he has been rehabilitated; however, he does not substantiate this claim with sufficient documented evidence that would support a conclusion that he will not return to his criminal ways once released.  Moreover, and importantly, the sentence was justified by the gravity of Taboada's crime and the fact that it was committed while he was on supervised release.  His release now, after he has served only a short portion of his sentence, would be inconsistent with the need for the sentence imposed to reflect the seriousness of his conduct and to provide just punishment for his offense.  18 U.S.C. § 3553(a)(2)(A).  Further, the Court has considered Taboada's medical conditions now, as it did at the time of sentencing.  They do not convince the Court that Taboada should be released.[1]

---

[1] The Court need not consider whether Taboada has established the existence of extraordinary and compelling reasons for a sentence reduction, but it notes its skepticism that the existence of COVID-19 and questions regarding the ability of the Bureau of Prisons to address Taboada's current medical conditions are sufficient.  *See United States v. Martinez*, 2022 WL 3019833, at *3 (E.D.N.Y. July 29, 2022) ("[G]eneralized COVID-19 concerns are not regarded as extraordinary and compelling reasons for compassionate release.").  Further, Taboada is vaccinated against COVID-19, *see* Dkt. No. 155 at 4, militating against a finding that the risks he faces from COVID-19 are sufficient to justify a sentence reduction, *see United States v. Barraza Payan,* 2022 WL 17757779, at *4 (S.D.N.Y. Dec. 19, 2022) ("[Defendant's] vaccinated status

For the reasons set forth above, the motion for compassionate release is denied.

The Clerk of Court is respectfully directed to close Dkt. Nos. 142 and 152.

SO ORDERED.

Dated: February 2, 2023
      New York, New York

                              LEWIS J. LIMAN
                            United States District Judge

---

mitigates, though it does not reduce entirely, his risk of contracting the COVID-19 virus and having serious medical conditions, and it further counsels against a finding of 'extraordinary and compelling reasons.'"); *United States v. Nosair*, 2022 WL 1104914, at *2 (S.D.N.Y. Apr. 13, 2022), *reconsideration denied*, 2022 WL 1570941 (S.D.N.Y. May 18, 2022) ("Courts in this circuit have found that vaccination mitigates the risk an inmate faces from COVID-19 to the point that . . . he does not face an extraordinary risk from COVID-19.").